T.C. Memo. 2010-214

UNITED STATES TAX COURT

MARTIN C. COOPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20768-07.                    Filed October 5, 2010.

<u>Mark M. Mockensturm</u>, for petitioner.

<u>Elizabeth R. Edberg</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  In a notice of deficiency dated June 19,
2007, respondent determined deficiencies of $80,988 and $58,193
in petitioner's Federal income tax and accuracy-related penalties
of $16,197.60 and $11,638.60 under section 6662(a)[1] for tax years

---

[1]All section references are to the Internal Revenue Code of
(continued...)

2003 and 2004, respectively.[2]  Petitioner timely petitioned this Court for review of respondent's determinations.

The parties have submitted this case fully stipulated under Rule 122.  The only remaining issue is whether petitioner was a common law employee or an independent contractor for tax years 2003 and 2004.

## Background

The parties do not dispute the following.  On September 14, 2006, petitioner filed a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, with respondent to determine whether his employment status with Securities Service Network, Inc. (SSN Inc.), was that of an employee or an independent contractor.  On April 4, 2007, respondent issued a letter to petitioner and to SSN Inc. determining that petitioner was an employee of SSN Inc.

A portion of each deficiency, as reflected in the notice, was attributable to respondent's determination that petitioner worked for SSN Inc. as an employee rather than as an independent contractor.  Petitioner timely filed a petition with this Court on September 12, 2007.  Petitioner resided in Ohio when he filed his petition.

---

[1](...continued)
1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent has conceded the penalties.

When petitioner originally filed his petition, he argued that respondent's determination was incorrect as he was an independent contractor, not an employee. However, since filing his petition, petitioner has conceded that he was an employee of SSN Inc.

## Discussion

Petitioner's worker status was the only issue left unresolved by the parties' stipulation of settled issues. Petitioner no longer disputes respondent's determination that he was an employee of SSN Inc. for tax years 2003 and 2004.[3] "[C]ourts will not gratuitously decide complex issues that cannot affect the disposition of the case before them." LTV Corp. v. Commissioner, 64 T.C. 589, 595 (1975). Therefore, this Court sustains the deficiencies attributable to respondent's determination that petitioner worked for SSN Inc. as an employee.[4]

---

[3]The notice of deficiency was predicated in part on respondent's determination that petitioner was an employee, thus limiting the deductibility of expenses reported on petitioner's Schedule C, Profit or Loss From Business.

[4]Petitioner has asked the Court to "draw a defining line explaining what qualifies as permissive supervisory control under section 921(a) of the Taxpayer's Relief Act of 1997 when determining employment status of a securities broker dealer for purposes of the Internal Revenue Code". This Court is not at liberty to issue advisory opinions when no tax controversy exists.

In reaching the conclusions described herein, the Court has considered all arguments made, and to the extent not mentioned above, concludes they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.